**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, a Minnesota corporation,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>NAVIGATORS SPECIALTY INSURANCE COMPANY, fka NIC Insurance Company, a New York corporation,<br><br>Defendant-Appellee. | No. 14-56723<br><br>D.C. No.<br>8:13-cv-00802-JVS-AJW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted February 10, 2017[**]
Pasadena, California

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

Plaintiff St. Paul Mercury Insurance Company and Defendant Navigators

Specialty Insurance Company both insured a subcontractor that was sued for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

performing faulty construction work on a retaining wall. Defendant denied that it had a duty to defend the subcontractor. The subcontractor settled the underlying case. Plaintiff paid the entire amount of the settlement and then initiated this action, seeking declaratory relief, equitable subrogation, equitable contribution, and equitable indemnity. The district court granted summary judgment to Defendant, and Plaintiff timely appeals. On de novo review, Reese v. Travelers Ins. Co., 129 F.3d 1056, 1059–60 (9th Cir. 1997), we affirm.

Defendant's policy did not cover the loss. The underlying case against the subcontractor alleged only damage caused by "subsidence," as defined in the policy. The policy excluded "subsidence" from coverage, including the duty to defend.

Even if the initial complaint in the underlying case could be read to allege property damage other than that caused by subsidence, Defendant's investigation clarified that the only damage Plaintiff claimed was damage caused by subsidence. See Waller v. Truck Ins. Exch., Inc., 900 P.2d 619, 628 (Cal. 1995) (holding that, when extrinsic facts eliminate the potential for coverage, an insurer may decline to defend even if the complaint had suggested potential liability). That is, the investigation eliminated any possibility of coverage.

**AFFIRMED**.